UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,
*on behalf of*
United States Department of Health and Human
Services and the Centers for Medicare & Medicaid Services,

      Plaintiff,

v.                                       CIVIL ACTION NO. 5:24-cv-00199

ISAAC GABRIEL ALEXIS,
*M.D.*,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the Motion for Entry of Default Judgment against Defendant Isaac Gabriel Alexis [ECF 12], filed by the Government on November 1, 2024. Mr. Alexis has failed to respond or otherwise appear. The matter is ready for adjudication.

### I.

On April 18, 2024, the United States (the "Government") instituted this action against Defendant Isaac Gabriel Alexis, M.D., alleging five claims: (1) violation of the False Claims Act (FCA) through presentment of false claims to Medicare and Medicaid, (2) violation of the FCA through the use of false statements for claim payment, (3) common law fraud, (4) payment under mistake of fact, and (5) unjust enrichment. [ECF 1]. The Government's prayer for relief reads as follows:

> WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the United States and against the Dr. Alexis as follows:

   1. On the First and Second Causes of Action, under the False Claims Acts, a judgment against Dr. Alexis for the amount of damages, trebled as required by law, and such civil penalties as are required by law, together with all such further relief as may be just and proper;

   2. On the Third Cause of Action, for common law fraud, a judgment against Dr. Alexis in an amount to be determined, together with costs and interest.

   3. On the Fourth and Fifth Causes of Action, a judgment against Dr. Alexis for payment by mistake of fact and unjust enrichment, for the damages sustained and/or amount which Dr. Alexis received which were in error or by which Dr. Alexis was unjustly enriched, together with costs and interest; and

   4. For such other and further relief as this Court deems just and proper.

[*Id.* at 18.]

After Dr. Alexis failed to appear or respond to the Complaint, the Government moved for entry of default judgment on November 1, 2024, seeking (1) treble damages in the amount of $5,220,232.92 for 3,601 fraudulent Medicare and Medicaid DME claims (Count I), (2) treble damages in the amount of $633,644.91 for 414 fraudulent claims for unnecessary genetic testing (Count I), (3) statutory civil penalties for FCA violations in the amount of $13,946.00 (Count I), and (4) costs for bringing the action. [ECF 12 at 3].

## II.

In a default judgment setting, the Court accepts as true the well-pleaded factual allegations in the complaint. One proviso, however, is *Federal Rule of Civil Procedure* 8(b)(6). Fed. R. Civ. P. 8(b)(6) ("An allegation -- *other than one relating to the amount of damages* -- is admitted if a responsive pleading is required and the allegation is not denied.") (emphasis added). Importantly, the default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

> The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award. . . . In sum, . . . a default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded.

10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2663 (4th ed.) (footnote omitted).

Although Rule 54(c)'s purpose is clear, there is "a dizzying array of judicial decisions" about how the Rule and its rationale apply in cases, like the one at hand, where the complaint fails to specify an amount of damages. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Some courts have reasoned that "as long as the defendant receives notice that some damages may be awarded, general allegations of actual damages suffice to support a default judgment." *Id.* at 133. "Other courts have held that by 'enlarging the judgment amount' from that prayed in the complaint a default judgment based on general allegations of damages 'undermines the fairness of the proceedings' and so violates the rules." *Id.*

The Complaint does not specify with precision the amount of the damages sought. It contains neither the number of violations attributable to Dr. Alexis nor the dollar amount of actual damages suffered by the Government. Rather, it merely states the Government suffered damages "in an amount to be determined at trial, plus civil penalties of not less than $13,946.00 and not more than $27,894.00 for each violation." [ECF 1 at ¶ 71, 74]. Absent additional information to calculate damages, Dr. Alexis lacks adequate notice of the potential default judgment amount should he fail to appear and defend himself in the action.

Additionally, inasmuch as the Government seeks default only as to its FCA claims, the costs of bringing the suit do not appear recoverable. The Government's first mention of entitlement to costs under the FCA appears in its Memorandum in Support of the default motion. [ECF 13 at 8]. The Complaint is silent on the issue, and although the Government requested costs for its common law claims, *see* [ECF 1 at 17–18 ¶¶ 2–3], it does not seek judgment on those claims. Despite the relief being statutorily authorized, it is not clear that Dr. Alexis had adequate notice of the Government's intention to seek costs for its FCA claims.

### III.

Accordingly, the Court **DENIES** without prejudice the Government's motion [**ECF 12**]. The Government may determine whether, *inter alia*, it ought to file and serve a new complaint drafted with more precision as to damages, allege therein it will seek a sum certain based upon evidence to be presented to the Court if a future default occurs, or both.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and Order to counsel of record and to any unrepresented party.

ENTER: January 23, 2025

Frank W. Volk
Chief United States District Judge